The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| STARK CERAMICS, INC., | ) | CASE NO. 06-61101 |
| | ) | |
| Debtor. | ) | ADV. NO. 07-6259 |
| | ) | |
| DAVID O. SIMON, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| AMERICAN FIRST FEDERAL INC., | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |
| Defendant. | ) | |

    Defendant American First Federal Inc. filed a motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure into bankruptcy practice, on July 1, 2010. Plaintiff, the chapter 7 trustee ("Trustee") responded on August 24, 2010. Defendant's replied was filed on August 30, 2010. The dispute between the parties centers on a judgment lien filed by Defendant on April 24, 2006. Plaintiff initiated the present adversary to avoid the lien as a preferential transfer under 11 U.S.C. § 547. Defendant opposes the action, arguing that the lien is not subject to challenge per the terms of a cash collateral order entered during the chapter 11 phase of this case.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and

division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(F). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL BACKGROUND

The facts are not complicated. Prepetition, Debtor borrowed money from FirstMerit Bank, N.A. ("FirstMerit") and defaulted on the notes. FirstMerit obtained a judgment in the Stark County Court of Common Pleas in the amount of $2,035,500.36, plus interest and costs, on April 24, 2006. FirstMerit filed a judgment lien on April 24, 2006. FirstMerit assigned the judgment to Defendant on March 15, 2007.

Debtor commenced a chapter 11 bankruptcy case on June 29, 2006. Several interim cash collateral orders were entered. A final, negotiated cash collateral order was entered on October 5, 2006. The final cash collateral order contained the following relevant findings, in applicable part:

> F. FirstMerit's security interest (together with the "Security Agreement") in the Prepetition Collateral has been perfected by the properly filed financing statements and judgment lien and is not subject to attack under or pursuant to §§ 506, 510, 544, 547, 548, 549, 550, or 551 of the Bankruptcy Code, or otherwise, provided, however that the statutory creditors committee shall have an additional sixty (60) days from the date hereof to investigate the perfection and lien priority of FirstMerit's Security Interest.
>
> O. The findings contained in Paragraphs 1 through 10 of this Order shall be binding upon all parties in interest as findings of the Court, including, but not limited to, the Debtor, any trustee appointed in this case and any statutorily appointed committee(s) unless (i) such party in interest (including any statutorily appointed committee(s)) has properly filed an adversary proceeding or contested matter seeking to object to, set aside, avoid, assert defenses to, or contest the Indebtedness, the validity, perfection, priority or enforceability of the

> Indebtedness, the liens, or security interests securing the Indebtedness, or any other claims or liens of First-Merit against the Debtor or its assets, including but not limited to claims and liens arising under this Order, by no later than June 29, 2007, or as otherwise agreed in writing and (ii) the Court ultimately rules in favor of the plaintiff in any such adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date or the Court does not adequately rule in favor of plaintiff in any such proceeding, the Indebtedness shall constitute an allowed claim for all purposes of this case, and any subsequent Chapter 7 case, First-Merit's liens in respect of the Indebtedness shall be deemed legal, valid, binding, perfected, not subject to subordination and otherwise unavoidable, and the Indebtedness and FirstMerit's liens in respect thereof shall not be subject to any other or further challenge by any party in interest seeking to exercise the rights of the Debtor's estates including, without limitation, any successor thereto.

The lien was not challenged. The case converted to chapter 7 on March 27, 2007. David O. Simon was appointed trustee. He initiated a preference action on December 10, 2007 with the filing of this adversary.

## LAW AND ANALYSIS

Defendant moves for summary judgment under Federal Rule of Bankruptcy Procedure 7056, incorporating Federal Rule of Civil Procedure 56 into bankruptcy practice. The rule provides, in part

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The movant bears the initial burden of proof, being tasked with the "responsibility

3

of informing the . . . court of the basis for its motion, and identifying those portions [of the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing the evidentiary materials, the facts and inferences arising therefrom are to be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the movant successfully demonstrates the absence of apposite factual issues, the non-movant must refute the suggestion by establishing, from more than mere pleadings, the existence of facts giving rise to material questions. Celotex, 477 U.S. at 324 (referencing Fed. R. Civ. P. 56(e)).

In its motion, Defendant makes two arguments. First, Defendant contends the final cash collateral order is binding on Trustee, the trustee is also bound by the finding that the lien is unavoidable, foreclosing Trustee's ability to challenge Defendant's lien as a preference. Second, Defendant argues that collateral estoppel and waiver operate to prevent relitigation of the cash collateral order's provision that the lien is not a preference. Trustee does not argue that he cannot be bound by the cash collateral order, but opposes the motion by arguing Defendant lost the right to raise the defenses of res judicata, collateral estoppel and waiver in its failure to properly plead the same.

I.   **The Cash Collateral Order**

Trustee does not dispute Defendant's argument that a chapter 7 trustee can be bound by acts of a chapter 11 debtor-in-possession. This constraint may result from the chapter 7 trustee's position as successor in interest to the chapter 11 debtor-in-possession. *See, e.g.,* Nicholas v. United States, 384 U.S. 678, 693 fn. 27 (1966) ("As the successor in interest, the trustee is bound by all authorized acts of the debtor in possession." (citations omitted)); Ford Motor Credit Co. v. Sherwood Ford, Inc. (In re Sherwood Ford, Inc.), 125 B.R. 957 (Bankr. D. Md. 1991). It may also arise from the privity between the chapter 7 trustee and the debtor-in-possession or chapter 11 trustee. *See, e.g.,* Pollack v. Federal Deposit Ins. Corp. (In re Monument Record Corp.), 71 B.R. 853 (Bankr. M.D. Tenn. 1987). From a policy standpoint, courts recognize the potential chaos that could ensue in the absence of the precept, as well as the chilling effect which could arise without it. *See, e.g.,* Trout v. Norwest Bank, Minneapolis, N.A. (In re Armstrong), 964 F.2d 797 (8th Cir. 1992); In re Buzzworm, Inc., 178 B.R. 503 (Bankr. D. Col. 1994).

Defendant proposes an analytical framework for determining when a chapter 7 trustee is bound by an event in a chapter 11 case, relying on a test employed by the Buzzworm court. Application of the test proposed by Defendant is unnecessary because Trustee does not dispute the contention that he is bound by the cash collateral order. The court must now determine whether Defendant pled a defense which would allow him to use the cash collateral order to oppose the preference action.

4

## II. Pleading Affirmative Defenses

In its answer, Defendant raised several affirmative defenses, including failure to state a claim, filing outside the applicable statute of limitations, and "payment, release, laches, waiver, and estoppel." (Answer, p. 2). Approximately one week before the original trial date, Defendant moved to add res judicata as a defense, which was denied by the court. Defendant now asserts it can use the cash collateral order as a defense under either a collateral estoppel or waiver theory. Plaintiff objects, arguing that the defenses were not pled with sufficient specificity to provide notice of the actual legal merits of the defense.

Plaintiff relies on Picture Me Press, LLC v. CPI Images, LLC, 2009 WL 2507953 (N.D. Ohio 2009) as support for its argument that it did not have notice of Defendant's intent to rely on the cash collateral order in pursuing its defenses of estoppel and waiver. Plaintiff misconstrues the import of Picture Me. In Picture Me, the defendant wanted to add the affirmative defense of res judicata, which it had not previously pled. The defendant attempted to piggy-back the res judicata defense on one of two defenses it did plead, acquiescence and waiver. The court rejected its effort.

To start, the court pointed out the general rule that failing to assert an affirmative defense generally results in waiver of the defense. Picture Me at *1 (citing Horton v. Potter, 369 F.3d 906, 911 (6th Cir. 2004) (other citation omitted)). The court then noted the exception to the waiver rule. Under the exception, an affirmative defense may still be viable, even if not pled, when a party has notice of the defense, under the view that the spirit of the rule has been served. Picture Me, 2009 WL 2507953 at *1 (citing Blonder-Tongue Lab., Inc. v. University of Illinois Found.), 402 U.S. 313, 350 (1971)).

In reaching its decision to disallow the defendant's res judicata defense, the court rejected the piggy-back argument on a textual basis, relying on Federal Rule of Civil Procedure 8: "[w]aiver, estoppel and res judicata are separately spelled out by the rule. Accordingly, the plain language of the rule precludes any argument that estoppel and/or waiver are inclusive of res judicata." Picture Me, 2009 WL 2507953 at *1. The court then moved on to determine whether there was a basis to support the exception to the rule by finding that even though the affirmative defense was not pled, there was some foundation to find that the plaintiff should have been prepared for the defense. The court concluded in the negative: "defendant's defenses make no mention of the bankruptcy order and proceedings that it now claims form the basis of its res judicata defense." Id. at *2. Plaintiff's reliance on this statement to establish a standard of pleading for an affirmative defense is entirely misplaced. The court was illustrating items which may be used to provide notice of the intent to raise an unpled affirmative defense. It was not a commentary on how an affirmative defense must be pled.

The facts in the present adversary are materially different. Defendant's third

5

affirmative defense clearly asserts the defenses of waiver and estoppel. As a result, Plaintiff had notice of Defendant's intent to assert the defenses and those defenses remain available to Defendant.

### III. Application of Collateral Estoppel and Waiver

The court is cognizant of what is happening here: Defendant had a winner with res judicata, but did not plead it as an affirmative defense, so it can't argue the clear winner. Since its thoroughbred is not at the track, Defendant must race something else.

In light of the conclusion that the estoppel and waiver defenses are available to Defendant, and the finding that Trustee is bound by the cash collateral order, the court must now explore the two defenses raised by Defendant in its motion for summary judgment: estoppel and waiver. Although an estoppel defense may include several defenses, including judicial estoppel and equitable estoppel, Defendant confines its argument to collateral estoppel.

#### A. Collateral Estoppel

The doctrine of collateral estoppel is an equitable doctrine employed to avoid injustices which may result in the relitigation of determined issues. See U.S. v. Williams, 612 F.3d 500 (6th Cir. 2010); S.E.C. v. Quinlan, 373 Fed.Appx 581 (6th Cir. 2010). Collateral estoppel upholds the decision(s) of a court on a question of law or fact which was necessary to a previous judgment when the same question arises in subsequent litigation. Montana v. U.S., 440 U.S. 147 (1979); Cobbins v. Tennessee Dep't of Transp., 566 F.3d 582 (6th Cir. 2009).

The Sixth Circuit cites four elements as the foundation for determining whether collateral estoppel applies:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

Cobbins at 589-90 (citing N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n, 821 F.2d 328, 330 (6th Cir. 1987)).

Turning to the first element, the issue in this case is the avoidability of

6

Defendant's judgment lien as a preference under 11 U.S.C. § 547. According to Defendant, the cash collateral order preclusively determines that the lien is not avoidable. It is clear that the issue was raised during the negotiation of the cash collateral order, which not only states it is not avoidable, but also allowed parties a deadline by which that specific finding could be contested. However, the issue cannot be said to have been actually litigated. *See* Arizona v. California, 530 U.S. 392, 414 (2000). As stated therein,

> 'In most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented. Thus consent judgments ordinarily support claim preclusion but not issue preclusion.'
> 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4443, pp. 384-385 (1981). This differentiation is grounded in basic res judicata doctrine. It is the general rule that issue preclusion attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.' Restatement (Second) of Judgments § 27, p. 250 (1982). 'In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action.' Id., comment e, at 257.

Id. In the Sixth Circuit, cash collateral orders are viewed as a type of consent decree, 'construed for enforcement purposes as [a] contract [ ].'" Ohio Farmers Ins. Co. v. Hughes-Bechtol, Inc. (In re Hughes-Bechtol, Inc.), 225 F.3d 569 (6th Cir. 2000) (unpublished) (citation omitted)). Issues determined by consent do not meet the "actually litigated" criterion. On this basis, Defendant's motion for summary judgment on its argument for the application of collateral estoppel fails.

    **B.**    **Waiver Defense**

Waiver and res judicata are similar defenses in that both result in claim preclusion. The preclusion under waiver is based on an intentional surrender of a claim or right, while res judicata is based on the foreclosure of a claim because of a failure to raise it during a previous opportunity. The intersection of the two defenses is noted in cases involving Rule 13 compulsory counterclaims. *See generally* Kane v. Kramer, 71 F.3d 55 (6th Cir. 1995). The similarities between waiver and res judicata also may result

in misidentification. See, e.g., Am. Mgmt. and Admin. Corp. v. Solid Rock Wall Sys., 186 F.Supp.2nd 69 (D. Puerto Rico 2002) (determining that a state statute barring a claim was not res judicata, but waiver and bar). Although the defenses require different legal proofs, they are not dissonant concepts.

Waiver is defined as "the intentional relinquishment or abandonment of a known right." Black v. Columbus Public Sch., 2006 WL 2385359, *6 (S.D. Ohio 2006) (citing United States v. Stines, 313 F.3d 912, 917 (6th Cir. 2002) (citation omitted)). Defendant asserts Trustee waived the right to contest the lien as a preference through the debtor-in-possession's assent that the lien was not avoidable. As further explanation of the defense,

> '[a]n effective waiver requires a party to have full knowledge of its legal rights and intent to surrender those rights. The intent to waive need not be stated expressly, provide the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference. The party waiving a known right must do so clearly, unequivocally, and decisively.' Knorr v. Smeal, 836 A.2d 794, 798 (N.J. Supreme Court 2003) (citations omitted).

Century 21 Real Estate LLC v. Perfect Gulf Prop. I, LLC, 2010 WL 598696, *6 (M.D. Fla. 2010). In Ohio, a successful waiver requires "(1) an existing right, benefit or advantage; (2) actual or constructive knowledge of the existence of such right, benefit or advantage; and (3) an intention to relinquish this right." Gomez v. Huntington Trust Co., N.A., 2001 WL 1112690 (N.D. Ohio 2001) (unreported) (citing Weaver v. Weaver, 36 Ohio App. 3d 210, 212 (1987)). Because of the intent requirement, waiver is often deemed a question of fact. See Guthartz v. Park Centre West Corp., 2009 WL 278960 (S.D. Fla. 2009); Ryder v. Bank of Hickory Hills, 585 N.E. 2nd 46 (S. Ct. Ill. 1992).

Turning to the first element, during the pendency of the chapter 11 case, it is clear that the parties to the cash collateral order knew of the ability to challenge Defendant's lien. The order states the specific bankruptcy code provisions that will not be available to attack the lien. Additionally, the unsecured creditors committee was provided extra time to institute a challenge of the lien. These facts indicate the debtor-in-possession and the creditors' committee knew the lien could be challenged. Thus, at the time the cash collateral order was signed, the right to pursue a claim for avoidance existed and was known, thereby satisfying the first and second elements.

As stated above, the third element, focusing on intent, is a factual issue. Under the summary judgment standard, factual issues generally result in denial of motions for summary judgment. However, when the facts are not in dispute, and no genuine issue of material fact exists, summary judgment may be appropriate. Here, viewing the facts in

8

the light most favorable to Plaintiff, the court must conclude that the parties to the cash collateral order intended to waive the right to pursue avoidance except as set forth therein. Both the debtor-in-possession and the creditors committee signed the order, voluntarily, with no evidence of duress, and intended it to be binding. *Accord* Youngblood Group v. Lufkin Federal Savings and Loan Ass'n, 932 F.Supp. 859 (E.D. Tex. 1996) (finding party waived claim through participation in chapter 11 confirmation). The right to pursue an avoidance action was limited and no one acted within the time period:

> If no such adversary proceeding or contested matter is properly commenced as of such date or the Court does not adequately rule in favor of plaintiff in any such proceeding, the Indebtedness shall constitute an allowed claim for all purposes of this case, and any subsequent Chapter 7 case, FirstMerit's liens in respect of the Indebtedness shall be deemed legal, valid, binding, perfected, not subject to subordination and otherwise unavoidable, and the Indebtedness and FirstMerit's liens in respect thereof shall not be subject to any other or further challenge by any party in interest seeking to exercise the rights of the Debtor's estates, including, without limitation, any successor thereto.

The court cannot conceive of any interpretation but that the intent was to waive avoidance rights in order to secure the cash collateral financing and provide a reorganization opportunity.

In light of the assumption that a chapter 7 trustee can be bound by a cash collateral order, the cash collateral order's specific statements addressing avoidance actions, and the clear intent to relinquish the right to pursue avoidance of the lien, the court finds Defendant has demonstrated a valid waiver defense. The court grants Defendant's motion for summary judgment.

An order will be entered immediately.

#    #    #

9

**Service List:**

Mark Merklin
Kate M Bradley
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Jessica E Price
Nicole M Hitch
600 Superior Avenue, E.
Suite 1600
Cleveland, OH 44114

Gregory D Swope
Krugliak, Wilkins, Griffiths & Dougherty
4775 Munson Street NW
PO Box 36963
Canton, OH 44718